IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Taft Morris, Jr, ) | C/A No. 0:10-922-RBH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Warden of Ridgeland Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Robert Taft Morris, Jr. ("Morris"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for and Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 20.) Morris filed a response in opposition to the respondent's motion. (ECF No. 22.) Having carefully considered the parties' submissions and the record in this case, the court finds that Morris's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Morris was indicted in February 2002 in Colleton County for distribution of unlawful drugs (02-GS-15-245). (App. at 269-70, ECF No. 19-3 at 40-41.) Morris was represented by Scott Harvin, Esquire, and on May 27-28 2003, was tried by a jury and found guilty as charged. (App. at 184, ECF No. 19-2 at 60.) The circuit court sentenced Morris to eighteen years' imprisonment. (App. at 192, ECF No. 19-2 at 68.)

Morris timely appealed and was represented by Eleanor Duffy Cleary, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On June 13, 2005, the South Carolina Court of Appeals affirmed Morris's conviction and sentence. (State v. Morris, 05-UP-380 (Ct. App. June 13, 2005); ECF No. 19-6.) The remittitur was issued on June 29, 2005. (ECF No. 19-7.)

Morris filed a *pro se* application for post-conviction relief on August 22, 2005 ("2005 PCR"). (Morris v. State of South Carolina, 05-CP-15-629, App. at 194-201, ECF No. 19-2 at 76-86.) On November 29, 2005, the PCR court held an evidentiary hearing at which Morris was present and testified and was represented by Rhonda Jennings, Esquire. (App. at 208-49, ECF No. 19-2 at 87 through ECF No. 19-3 at 20.) By order dated January 20, 2006, the PCR judge denied Morris's PCR application. (App. at 250-57, ECF No. 19-3 at 21-28.)

In his PCR appeal, Morris was represented by Wanda H. Carter, Esquire, Deputy Chief Attorney of the South Carolina Commission on Indigent Defense, who filed a Johnson[1] petition for a writ of certiorari on Morris's behalf on July 18, 2006. (ECF No. 19-8.) Additionally, Morris filed a *pro se* response. (ECF No. 19-9.) In an order dated August 6, 2007, the South Carolina Court of Appeals denied Morris's petition for a writ of certiorari. (ECF No. 19-10.) The remittitur was issued August 22, 2007. (ECF No. 19-11.)

Morris filed a second PCR application on August 30, 2007 ("2007 PCR"). (See Morris v. State of South Carolina, 07-CP-15-639, ECF No. 19-12.) The State filed a return and motion to dismiss on April 29, 2008. (ECF No. 19-14.) The PCR court issued a conditional order of dismissal

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

dated May 1, 2008, in which it provisionally denied and dismissed Morris's 2007 PCR application as successive to his prior PCR application and as untimely under the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a).  (ECF No. 19-15.)  Morris responded to the conditional order.  (ECF No. 19-16.)  A final order of dismissal was issued on May 13, 2009.  (ECF No. 19-17.)  Morris filed the instant petition for a writ of habeas corpus on April 6, 2010.  (ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Statute of Limitations**

The respondent argues that Morris's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Morris filed a direct appeal, his conviction became final on June 29, 2005, the date the South Carolina Court of Appeals entered the remittitur.[2] See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on June

---

[2] Because Morris did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

30, 2005 and expired on June 29, 2006, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Morris filed his first state PCR application on August 22, 2005. At that point, 53 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until August 22, 2007, when the South Carolina Court of Appeals issued the remittitur from its order denying Morris's certiorari petition. At this time, Morris had 312 days of statutory time remaining, which means that Morris had until June 30, 2008[3] to file a timely federal habeas corpus petition.

Morris filed a second PCR application on August 30, 2007; however, this application did not toll the statute of limitations because the PCR court dismissed it as untimely. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, Morris's statutory deadline expired on June 30, 2008.

---

[3] June 29, 2008 was a Sunday; therefore, Morris had until the following Monday, June 30, 2008, to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(3).

Morris's federal Petition was filed on April 6, 2010.[4]  Accordingly, Morris filed his federal habeas Petition over twenty-one months after the expiration of the one-year limitations period under § 2244(d)(1)(A).

**C.     Morris's Arguments**

Morris makes several arguments with regard to the issue of the timeliness of his Petition. In his response to the respondent's motion for summary judgment, Morris appears to argue that the statute of limitations should be tolled during the pendency of his 2007 PCR application. (ECF No. 22 at 5.)  This argument fails, as section 2244(d)(2) unambiguously states that the one-year limitations period is tolled while "a *properly filed* application for State post-conviction or other collateral review . . . is pending."  (emphasis added.)  As discussed above, Morris's 2007 PCR application was dismissed by the PCR as untimely, and thus was not properly filed. Pace, 544 U.S. 408 (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).

Morris also appears to argue in both his Petition and his response that he was delayed in filing his federal habeas Petition because he did not receive the May 13, 2009 final order from his 2007 PCR action until February 1, 2010.[5]  Regardless of when Morris received this order, it would

---

[4] There is no stamp from the prison mailroom on the envelope containing the Petition. However, based on the return address and the postmark zip code, it appears that this Petition was mailed from the prison.  Therefore, this date reflects the date that the envelope was postmarked, which is also the date that the Petition was signed.  See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

[5] Morris states in his Petition that he did not receive this order until February 1, 2010, but in his response he states it was received January 27, 2010. (Compare ECF No. 1 at 13 with ECF No. 22 at 5.)

not affect the calculation of Morris's *June 30, 2008* federal statutory deadline, as the time during the pendency of his 2007 PCR action was not tolled for the reasons discussed above.

Finally, Morris summarily states that he is entitled to equitable tolling without providing any support for this argument. (ECF No. 22 at 5.) To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Morris must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246. In the instant case, Morris has failed to demonstrate any type of extraordinary circumstance to justify equitable tolling.

**RECOMMENDATION**

Based upon the foregoing, the court finds that Morris's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 18) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 12, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).