IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Taft Morris, Jr., ) | Civil Action No.: 0:10-cv-00922-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden of Ridgeland Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Manning Correctional Institution in Columbia, South Carolina.

On July 28, 2010, Respondent filed his [Docket Entry 18] Motion for Summary Judgment, along with a return and memorandum, [Docket Entry 19]. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on July 29, 2010, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. On August 24, 2010,[1] Petitioner timely filed his [Docket Entry 22] Response in Opposition to the summary judgment motion.

This matter is now before the court with the [Docket Entry 24] Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett[2] filed on January 13, 2011. In her R & R, the Magistrate Judge recommended that "respondent's motion for summary judgment [should]

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

[2] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

be granted." R & R at 8. Petitioner timely filed objections to the R & R. *See* Obj. [Docket Entry 26].

## Background

In February 2002, Petitioner was indicted for distribution of unlawful drugs. *See* App. [Docket Entry 19-3] at 40-41. Scott Harvin, Esquire, represented Petitioner at trial. *See* § 2254 Petition [Docket Entry 1] at 12. On May 27-28, 2003, Petitioner was tried by jury and found guilty as charged. App. [Docket Entry 19-2] at 60. The trial court sentenced Petitioner to a term of eighteen years of imprisonment. *Id.* at 68.

Petitioner timely appealed and was represented by Eleanor Duffy Cleary of the South Carolina Office of Appellate Defense. *See* Final Brief of Appellant [Docket Entry 19-4] at 1. On June 13, 2005, the South Carolina Court of Appeals affirmed Petitioner's conviction. *See* S.C. Ct. App. Op. I [Docket Entry 19-6]. Remittitur was issued June 28, 2005. *See* Remittitur I [Docket Entry 19-7].

On August 22, 2005, Petitioner filed an application for post-conviction relief ("PCR"). App. [Docket Entry 19-2] at 76-86. On November 29, 2005, the PCR court held an evidentiary hearing at which Petitioner testified and was represented by Rhonda Jennings, Esquire. *Id.* at 87 through App. [Docket Entry 19-3] at 20. The PCR court denied Petitioner's PCR application in an order dated January 20, 2006. App. [Docket Entry 19-3] at 21-28.

Wanda H. Carter, of the South Carolina Commission on Indigent Defense, represented Petitioner in his PCR appeal. On July 18, 2006, Carter filed with the South Carolina Supreme Court a *Johnson*[3] petition for a writ of certiorari on Petitioner's behalf. *See* Johnson Petition [Docket Entry

---

[3] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors in *Anders v. California*, 386 U.S. 738 (1967) to PCR appeals).

19-8]. On August 11, 2006, Petitioner filed his *pro se* response to the *Johnson* petition. *Pro se* Response [Docket Entry 19-9]. The South Carolina Court of Appeals denied Petitioner's *Johnson* petition on August 6, 2007. S.C. Ct. App. Op. II [Docket Entry 19-10]. Remittitur was issued on August 22, 2007. Remittitur II [Docket Entry 19-11].

On August 30, 2007, Petitioner filed a second PCR application. 2007 PCR App. [Docket Entry 19-12]. The State filed a return and motion to dismiss on April 29, 2008. Return and Motion [Docket Entry 19-14]. The PCR court issued a conditional order of dismissal on May 1, 2008, in which the PCR court provisionally denied and dismissed Petitioner's PCR application as successive to his prior 2005 PCR application and as untimely under the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a). PCR Order [Docket Entry 19-15] at 2-5. Petitioner then filed a *pro se* response to the conditional order. Reply [Docket Entry 19-16]. On May 13, 2008, the PCR court issued its Final Order of dismissal. Final Order [Docket Entry 19-17]. Thereafter, Petitioner filed the instant habeas petition on April 6, 2010.[4]

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's

---

[4] Filing date under *Houston v. Lack*, 487 U.S. 266.

3

report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Applicable Law

28 U.S.C. § 2244(d) specifically provides the following:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## Discussion

Respondent argued in its summary judgment motion and the Magistrate Judge found in her R & R that Petitioner's § 2254 Petition was untimely under the AEDPA's one-year limitation period. Specifically, the Magistrate Judge found as follows:

> Because Morris filed a direct appeal, his conviction became final on June 29, 2005, the date the South Carolina Court of Appeals entered the remittitur.[5] See Rules

---

[5] Because [Petitioner] did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008). . . .

4

>   203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on June 30, 2005 and expired on June 29, 2006, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").
>
>   [Petitioner] filed his first state PCR application on August 22, 2005. At that point, 53 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until August 22, 2007, when the South Carolina Court of Appeals issued the remittitur from its order denying [Petitioner's] certiorari petition. At this time, [Petitioner] had 312 days of statutory time remaining, which means that [Petitioner] had until June 30, 2008 . . . to file a timely federal habeas corpus petition.
>
>   [Petitioner] filed a second PCR application on August 30, 2007; however, this application did not toll the statute of limitations because the PCR court dismissed it as untimely. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, [Petitioner's] statutory deadline expired on June 30, 2008.
>
>   [Petitioner's] federal Petition was filed on April 6, 2010. . . . Accordingly, [Petitioner] filed his federal habeas Petition over twenty-one months after the expiration of the one-year limitations period under § 2244(d)(1)(A).

R & R at 4-6.

Petitioner filed three (3) specific objections to the Magistrate Judge's recommendation. First, Petitioner contests the date on which his initial PCR application was filed. Petitioner contends that he filed his first PCR application on July 27, 2005, but that he was "hinder[ed] from stop[p]ing the tolled time because the clerk of court of Colleton County refuse[d] to clock stamp petitioner application and file it . . . ." Obj. at 2. Thus, Petitioner argues that the record should reflect that he had used only 28 days of non-tolled time before filing his first PCR application, rather than the 53 days the Magistrate Judge determined he had used. However, Petitioner's other filings in this matter

reflect that his first PCR application was filed on August 22, 2005,[6] which is the date the Magistrate Judge noted in her R & R. Regardless, even if the court were to treat July 27, 2005 as the true filing date, which this court does not, Petitioner's § 2254 Petition would still have been filed approximately twenty (20) months after the expiration of the one-year limitation period.

Second, Petitioner objects to the following statement of the Magistrate Judge: "Because [Petitioner] did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court." R & R at 4 n.2 (citing *Hammond*, 2008 WL 2922860, at *3). Petitioner argues that he did seek certiorari from the South Carolina Supreme Court. Upon review, it appears Petitioner misunderstands that the Magistrate Judge was referring to the direct appeal stage of his procedural history. As the Magistrate Judge accurately stated, Petitioner did not seek certiorari review with the South Carolina Supreme Court after the Court of Appeals affirmed his conviction on direct review. Rather, the South Carolina Court of Appeals affirmed Petitioner's conviction on direct review on June 13, 2005, and issued remittitur on June 28, 2005. The documents that Petitioner has attached to his objections, on the other hand, include his *pro se* Response to his *Johnson* Petition, which was filed in August of 2006 and relates to his first PCR appeal.[7] Accordingly, the court overrules this objection.

Petitioner's third objection relates to his 2007 PCR application. The Magistrate Judge

---

[6] In both his § 2254 Petition and his Response in Opposition to summary judgment, Petitioner indicated that his first PCR application was filed on August 22, 2005. *See* § 2254 Petition at 3 & Response in Opp. at 4. In addition, the PCR application that is included in the Appendix was date-stamped by the Colleton County Clerk of Court on August 22, 2005. *See* App. [Docket Entry 19-2] at 76.

[7] Petitioner also attached to his objections a letter from the Supreme Court of South Carolina, which is dated July 19, 2006 and clearly references the *Johnson* Petition filed in his PCR appeal. *See* [Docket Entry 26-3]. The letter from the South Carolina Supreme Court appears to have been copied to Wanda Carter, Petitioner's attorney for his PCR appeal.

6

determined that Petitioner's 2007 PCR application did not toll the statute of limitations because it "was dismissed by the PCR [court] as untimely, and thus was not properly filed." R & R at 6. Petitioner appears to object on the basis that he mistakenly thought his 2007 PCR application did, in fact, toll the statute of limitations, and that he did not know the 2007 PCR application had been dismissed as untimely until he received the PCR court's May 18, 2009 Order. *See* Obj. at 3. This objection is without merit. The case law is clear that a PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle Petitioner to statutory tolling. *See Pace*, 544 U.S. at 417. Moreover, regardless of when Petitioner discovered that his 2007 PCR application had been dismissed as untimely, it does not affect the calculation of Petitioner's June 30, 2008 statutory deadline for filing for federal habeas relief, as the 2007 PCR application did not toll Petitioner's period of limitation.

Finally, while Petitioner never specifically requests such relief, he appears to argue that he should be entitled to equitable tolling of the limitation period. Obj. at 4 (stating that there were "extraordinary circumstances beyond his control that hinder[ed] him from filing on time"). "[Section] 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (holding that a petitioner is "only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time"). Petitioner contends in his objections that he is not a "license[d] Lawyer," that he did not know that his 2007 PCR application did not toll the limitation

7

period, and that "Petitioner thought that any time you file any application, motion or collateral review is pending you are tolled till you receive the final order or Disposition of that matter." Obj. at 3-4. Petitioner alleges that is why he "waited till he receive[d] the final order, then he moved to file[] his habeas Petition." *Id.* at 4. However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *see also Williams v. Warden*, No. JFM-09-2427, 2010 WL 1759575, at *2 (D. Md. April 30, 2010) ("Petitioner's pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling."). Petitioner's "misconception about the operation of the statute of limitations [and statutory tolling] is neither extraordinary nor a circumstance external to his control." *Sosa*, 364 F.3d at 512. Thus, Petitioner is not entitled to equitable tolling of § 2244(d)'s period of limitation.

In sum, the court finds that Petitioner's § 2254 Petition was not timely filed and is therefore barred by § 2244(d).

### Conclusion

The court has thoroughly reviewed the R & R, objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, Respondent's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
February 4, 2011